FILED

2018 Mar-15  AM 09:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| QUINTIN DAVIS AND JEFFERY GARNER, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| vs. | ) ) | CIVIL CASE NO. |
| B.L. HARBERT INTERNATIONAL, LLC, | ) ) ) | |
| DEFENDANT. | ) ) | |

## COMPLAINT

### I.   JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343(4), and 28 U.S.C. §§2201 and 2202, 42 U.S.C. §2000e *et seq.*  This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000 *et seq.* providing for injunctive and other relief against race and color discrimination in employment. The plaintiff requests a trial by jury of all issues triable to a jury.

2.     Subject matter jurisdiction is established pursuant to 28 U.S.C. §1331 and venue is proper in this district pursuant to 28 U.S.C. §1391(b).

3.     The Plaintiffs timely filed their charges of race and color discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment, Exhibit A.  The Plaintiffs further filed this lawsuit within 90 days after receipt of their right-to-sue letters issued from the EEOC, Exhibit B.

## II.   PARTIES

4.     Plaintiff, Quintin Davis, is a black African American male, and at all relevant times, a resident of the State of Alabama.  Plaintiff, Jeffery Garner, is a black African American male, and at all relevant times, a resident of the State of Alabama. At all relevant times, the Plaintiffs were discriminated against by Defendant, B.L. Harbert International, LLC, because of their race, African American, and color, black.

5.     Defendant B.L. Harbert International, LLC. employs more than fifteen (15) persons, within the meaning of 42 U.S.C. §1981a(b)(3) and 42 U.S.C. §2000e. et seq.

## III.   FACTUAL ALLEGATIONS

6.     Plaintiff, Quintin Davis, is a black African American male. Plaintiff Jeffery Garner is a black African American male.

7.    Plaintiff Quintin Davis began working for Defendant on or about November 14, 2016 as a Carpenter Journeyman for $22.50/hour on location at a project located in Huntsville, Alabama.

8.    Plaintiff Jeffrey Garner began working for Defendant on or about November 14, 2016 as a Carpenter Journeyman for $22.50/hour on location at a project located in Huntsville, Alabama.

9.    Plaintiffs' Foreman was Patrick Topazi (White/Caucasian), Assistant Superintendent, and their supervisor was Chris Moreau (White/Caucasian), Superintendent.

10.    Plaintiffs were treated differently than the white Caucasian employees, and were held to a different standard. For instance, when lumber or other debris was left on a job site, only the black African American employees were accused of leaving the mess and were required to clean it up regardless of who left the mess, while white Caucasian employees were not accused of the same nor made to clean up the mess. On at least one occasion, the Plaintiffs were not at work when they were disciplined for not cleaning up the job site.

11.    Plaintiffs received a disciplinary action for allegedly not cleaning up their work site, while white Caucasian employees did not receive disciplinary actions for the same alleged (and/or actual) offenses.

12.    On or about December 29, 2016, Plaintiff Jeffery Garner approached Topazi with a question, and Plaintiff Quintin Davis accompanied him. Topazi responded by yelling and railing against Garner, while Davis was present. Garner did not do anything that justified the hostile and aggressive way in which Topazi responded.

13.    While Topazi was yelling at Garner, Topazi very aggressively pushed Garner, and then hit him in the face.

14.    Quintin Davis stepped in between them to try to prevent any further physical altercation.

15.    Topazi terminated both Quintin Davis and Jeffery Garner. Neither Plaintiff had done anything to warrant termination. White/Caucasian employees were not terminated for asking Topazi questions or for stepping in to prevent Topazi from physically assaulting another employee. Upon information and belief, the reason Plaintiffs were terminated was because of their race and color.

16.    Plaintiffs complained to Corey (LNU) (White/Caucasian) in Human Resources about the discriminatory treatment and wrongful termination, however, nothing was done in response to the complaint.

17.    Prior to their termination on December 29, 2016, Plaintiffs had complained to Human Resources on more than one occasion about the

discriminatory treatment to which they were subjected, but nothing was done in response to their complaints.

18.   Plaintiffs even traveled to Defendant's headquarters in Birmingham to try to speak to someone in Human Resources, but were told there was nothing that could be done about their termination.

## IV.   CAUSES OF ACTION

### COUNT ONE
### RACE AND COLOR DISCRIMINATION
### HOSTILE WORK ENVIRONMENT

19.   The plaintiffs, Quintin Davis and Jeffery Garner, re-allege and incorporate by reference paragraphs 1 through 18 with the same force and effect as if fully set out in specific detail hereinbelow.

20.   Plaintiffs have been discriminated against on the basis of race and color in regard to hostile work environment, and other adverse terms and conditions of employment, in violation of Title VII of the Civil Rights Act, as amended, and/or 42 U.S.C. §1981.  The plaintiffs have been discriminated against because of their race and color and have been subjected to a hostile work environment because of their race and color.

21.   Plaintiffs seek to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgment are his only means of securing adequate relief. Plaintiffs are now suffering and will

continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT TWO
## RACE AND COLOR DISCRIMINATION
## DISPARATE TREATMENT/TERMINATION

22.    The plaintiffs, Quintin Davis and Jeffery Garner, re-allege and incorporate by reference paragraphs 1 through 18 with the same force and effect as if fully set out in specific detail hereinbelow.

23.    Plaintiffs have been discriminated against on the basis of race and color in regard to disparate treatment and wrongful termination, and other adverse terms and conditions of employment, in violation of Title VII of the Civil Rights Act, as amended, and/or 42 U.S.C. §1981.  The plaintiffs have been discriminated against because of their race and color and have been subjected to unequal treatment and wrongful termination because of their race and color.

24.    Plaintiffs seek to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgment are his only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.   **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after a trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedure, conditions and customs of the Defendant are violative of the rights of the Plaintiffs as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e *et seq.*, and 42 U.S.C.§1981.

2.      Grant Plaintiffs a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

3.      Enter an order requiring the Defendant to make the Plaintiffs whole by awarding them the position they would have occupied in the absence of race and color discrimination, back-pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, injunctive relief, and benefits.

4.      The Plaintiffs further pray for such relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

s/Michael E. Auffenorde
Michael E. Auffenorde
Attorney for Plaintiff
ASB-9810-O57M

OF COUNSEL:
**MICHAEL E. AUFFENORDE, P.C.**
2409 Commerce Court, Suite B
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 facsimile
aalaw@bellsouth.net

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES
TRIABLE TO A JURY**

s/Michael E. Auffenorde
Michael E. Auffenorde

Defendant can be served at:

B.L. Harbert International LLC
c/o Corporation Service Company Inc.
641 S. Lawrence ST.
Montgomery, AL 36104

Plaintiffs' Address:

Jeffery Garner
Quintin Davis
c/o Michael E. Auffenorde, P.C.
2409 Commerce Court, Suite B
Huntsville, Alabama 35801